FILED

**NOT FOR PUBLICATION**

JUL 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> DENNIS MAHON, <br><br> Defendant - Appellant. | No. 12-10273 <br><br> D.C. No. 2:09-cr-00712-DGC-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted May 11, 2015
San Francisco, California

Before: THOMAS, Chief Judge and BENAVIDES,[**] and OWENS, Circuit Judges.

Dennis Mahon appeals his convictions under 18 U.S.C. §§ 844(i) and (n) and § 842(p)(2)(A). In a separate published opinion, we consider whether the evidence at trial satisfied the jurisdictional requirement of § 844(i). Here, we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

consider Mahon's remaining nine claims and conclude that there is no basis for reversal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, the district court did not err when it restricted cross examination on the informant's work at an escort service. "[T]here were other legitimate interests outweighing the defendant's interest" in examining the nature of her work and, despite the restriction, there was sufficient information for the jury to assess the informant's credibility. *United States v. Larson*, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc) (internal quotation marks omitted); *United States v. Bonanno*, 852 F.2d 434, 439 (9th Cir. 1988) (repeated questioning on witness's bias, motive to testify, and cooperation as an informant satisfied constitutional requirements).

Second, any error resulting from the district court's suppression of the informant's tax returns did not result in a confrontation clause violation, as the court did not bar the defense from inquiring about her taxes and limited its ruling only to the use of the tax documents. *See United States v. Vargas*, 933 F.2d 701, 704, 708 (9th Cir. 1991). Any abuse of discretion resulting from the suppression was harmless. *See United States v. Brooks*, 772 F.3d 1161, 1171-73 (9th Cir. 2014) (factors weighed in favor of the court's sua sponte harmlessness determination, where there was overwhelming evidence of guilt, even without the

erroneously admitted statements); *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1101 (9th Cir. 2005).

Third, the court did not abuse its discretion in permitting redirect examination on the informant's children. There is no error where an attorney seeks to clarify on redirect issues raised during cross-examination. *United States v. Chu*, 5 F.3d 1244, 1251 (9th Cir. 1993); *see United States v. Sarkisian*, 197 F.3d 966, 989 (9th Cir. 1999) ("Because the prosecutor's questions addressed an issue raised by the cross-examination, there was no misconduct.").

Fourth, the government's use of a paid informant did not violate Mahon's due process rights. *See United States v. Cuellar*, 96 F.3d 1179, 1182-84 (9th Cir. 1996) (payment of $580,000 to an informant did not violate the defendant's due process rights or constitute outrageous government conduct).

Fifth, the evidence was sufficient to prove beyond a reasonable doubt that the conduct enumerated in the count one conspiracy charge related to a single overall agreement. *See United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001) (government did not prove multiple conspiracies when it connected everything back to the single agreement charged); *United States v. Bibbero*, 749 F.2d 581, 587 (9th Cir. 1984) ("A single conspiracy may involve several subagreements . . . ."); *United States v. Olano*, 62 F.3d 1180, 1194 (9th Cir. 1995)

(only a "'slight connection'" is necessary and it can be "'inferred from circumstantial evidence'").

Sixth, the district court's refusal to give a specific unanimity jury instruction on the conspiracy's object was not an abuse of discretion. A general instruction that the verdict must be unanimous is ordinarily sufficient. *United States v. Anguiano*, 873 F.2d 1314, 1319 (9th Cir. 1989); *United States v. Castro*, 887 F.2d 988, 993 (9th Cir. 1989) ("When an indictment includes a single conspiracy count conjunctively alleging multiple offenses, a jury may convict by finding a conspiracy to commit any or all of the conjunctive acts alleged.").

Seventh, the district court properly declined to dismiss count three and overt acts three through twelve in count one as the government's use of an informant was not "so extreme as to violate[ ] fundamental fairness" or "so grossly shocking . . . as to violate the universal sense of justice." *United States v. Black*, 733 F.3d 294, 298 (9th Cir. 2013) (alterations in original) (internal quotation marks omitted); *see United States v. Bagnariol*, 665 F.2d 877, 882 (9th Cir. 1981) (per curiam) (government's role did not shock the sense of justice where it set up a fictional scheme, "set its bait, [and] appellants responded without further inducement by the government"); *United States v. So*, 755 F.2d 1350, 1353-54 (9th Cir. 1985) (no outrageous conduct where defendant provided "creative inspiration" and technical

arrangements for money laundering scheme and the government merely provided "the funds and opportunity to launder money").

Eighth, the district court did not miscalculate the Sentencing Guidelines base offense level. Given the extensive record, the district court did not clearly err in finding that the Diversity Office bombing created a substantial risk of death or serious injury, qualifying Mahon for the cross-reference and higher base offense level. *See United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010).

Finally, the district court did not err in denying Mahon's motion to dismiss the superseding indictment pursuant to an ex parte, sealed hearing and order. *See United States v. Kearns*, 5 F.3d 1251, 1253-54 (9th Cir. 1993); *United States v. Ross*, 372 F.3d 1097, 1110 (9th Cir. 2004).

**AFFIRMED**.